IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ODDELL CANNON | : | CIVIL ACTION |
| | : | NO. 09-0110 |
| v. | : | |
| | : | |
| JAMES FITZGERALD | : | |

O'NEILL, J.                                                        OCTOBER 30, 2009

## MEMORANDUM

Plaintiff, a pro se litigant, filed a Bivens action against defendant, an FBI agent, alleging violations of unspecified Constitutional rights.  Defendant has moved to dismiss plaintiff's claim pursuant to Rule 12(b)(6).  Presently before me are defendant's motion to dismiss, plaintiff's response and defendant's reply.  For the following reasons I will grant defendant's motion to dismiss.

## BACKGROUND

On May 22, 2006, plaintiff was shot six times.  He was airlifted to the University of Pennsylvania Hospital and underwent eight hours of surgery.  He was subsequently placed in the intensive care unit of the hospital where defendant, the investigating FBI agent, and Assistant United States Attorney Thomas Hogan interviewed him.  Before questioning plaintiff, defendant read plaintiff his Miranda rights.  Believing that plaintiff was unable to sign his own name to the waiver form, defendant printed plaintiff's name on the form and placed his own initials next to plaintiff's name.  In the interview, plaintiff confessed to possession of both a firearm and a bulletproof vest.

Meanwhile, state police officers applied for and obtained a search warrant from a Pennsylvania Magisterial District Justice.  Pursuant to that warrant, the officers searched

plaintiff's automobile and found a firearm and ammunition in the trunk.  Findings of Fact of

Judge Timothy Savage ¶ 6-15, Oct. 2, 2006.  On May 31, 2006, in consideration of plaintiff's

confession and the physical evidence, a grand jury indicted plaintiff as a felon in possession of a

firearm and body armor.

On June 29, 2006, plaintiff filed a motion to suppress the statement he gave to defendant

on the grounds that it was involuntary.  On August 17, 2006, plaintiff filed a motion to suppress

the physical evidence obtained under a warrant issued by a Pennsylvania Magisterial District

Justice.  The District Court granted plaintiff's motion to suppress the statements, finding that

"the totality of the circumstances surrounding the interrogation does not demonstrate that Cannon

had the level of comprehension necessary to make a decision with the full awareness of the

nature of his rights and the consequences of waiving them."  Conclusions of Law of Judge

Timothy Savage ¶ 15, Oct. 2, 2006.  However, it denied plaintiff's motion to suppress the

physical evidence.  Even though the Court held that the warrant was not supported by probable

cause, it found that the investigating officers' reliance on the warrant was objectively reasonable

and therefore applied the "good faith" exception announced in United States v. Leon, 478 U.S.

897, 912 (1984).

Plaintiff pleaded not guilty and proceeded to trial on December 4, 2006.  At trial, the

government presented the physical evidence but complied with the Court's prior order and did

not introduce plaintiff's statement.  The jury found plaintiff guilty on both counts.  On March 21,

2006, plaintiff was sentenced to fifteen years in prison.

On November 17, 2008, plaintiff filed a civil complaint against defendant and AUSA

Hogan in the United States District Court for the Middle District of Pennsylvania.  He alleged

that his Constitutional rights were violated when defendant signed plaintiff's name to the

<u>Miranda</u> waiver form.  On January 7, 2009, the case was transferred to this District and on March

26, 2009, at plaintiff's request, this Court dismissed AUSA Hogan from the action. On

September 21, 2009, defendant filed this motion to dismiss.

STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss all or part of an action

for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).

Typically, "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed

factual allegations," although plaintiff's obligation to state the grounds of entitlement to relief

"requires more than labels and conclusions, and a formulaic recitation of the elements of a cause

of action will not do."  <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007).  "Factual

allegations must be enough to raise a right to relief above the speculative level on the assumption

that all of the allegations in the complaint are true (even if doubtful in fact)."  <u>Id.</u>, citations

omitted.

The Court of Appeals has recently made clear that after <u>Ashcroft v. Iqbal</u>, --- U.S. ---,

129 S. Ct. 1937, 1955, 173 L. Ed. 2d 868 (2009), "conclusory or 'bare-bones' allegations will no

longer survive a motion to dismiss: 'threadbare recitals of the elements of a cause of action,

supported by mere conclusory statements, do not suffice.'"  <u>Fowler v. UPMC Shadyside</u>, 578

F.3d 203, 210 (3d Cir. 2009), <u>citing</u> <u>Iqbal</u>, 129 S. Ct. at 1949.  "To prevent dismissal, civil

complaints must set forth 'sufficient factual matter' to show that the claim is facially plausible."

<u>Id.</u>  "Where the well-pleaded facts do not permit the court to infer more than the mere possibility

of misconduct, the complaint has alleged–but it has not show[n]–that the pleader is entitled to

relief."  Iqbal, 129 S. Ct. at 1949, internal quotations omitted.

Additionally, pleadings that are pro se must be held to "less stringent standards than formal pleadings drafted by lawyers."  Dickerson v. Brooks, 2007 WL 4689001, at *2 (W.D. Pa.), citing Haines v. Kerner, 404 U.S. 519, 520-521 (1972); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969), noting that a petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance."  Pro se complaints, especially from civil rights plaintiffs, should be read liberally, as prisoners in particular are often at an informational disadvantage that may prevent them from pleading the full factual predicate for their claims.  Alston v. Parker, 363 F.3d 229, 233-34 &  n.6 (3d Cir. 2004).  Because this plaintiff is a pro se litigant, I will consider his allegations of fact and make inferences where it is necessary and appropriate.

DISCUSSION

Defendant moves to dismiss plaintiff's complaint pursuant to Rule 12(b)(6).  He argues that the complaint fails to allege an actionable Constitutional violation and, in the alternative, that the applicable statute of limitations bars the claims.  Before reaching the merits of defendant's arguments, I must first decide which of plaintiff's Constitutional rights could plausibly have been violated.[1]  Defendant helpfully suggests that plaintiff could be alleging violations of three Constitutional rights: (1) the Fifth Amendment right against self-incrimination; (2) the Fifth Amendment right to due process; and (3) the Sixth Amendment right

---

[1]      Plaintiff does not specifically allege which of his Constitutional rights were violated.  Because plaintiff is a pro se litigant, this is not a fatal omission.  I must hold his pleadings to "less stringent standards than formal pleadings drafted by lawyers."  Haines, 404 U.S. at 520-21.

to counsel.  After review of plaintiff's factual allegations, I find that only plaintiff's two Fifth

Amendment rights are potentially implicated.[2]  Each will be discussed in turn.

I.      Fifth Amendment Right Against Self-Incrimination

The Fifth Amendment protects criminal defendants from compelled self-incrimination.

U.S. Const. amend V, cl. 3.  In <u>Miranda v. Arizona</u>, 384 U.S. 436 (1966), the Supreme Court set

forth procedures to ensure compliance with the Fifth Amendment.  However, the Court later held

that those procedural protections are "not themselves rights protected by the Constitution," so a

violation of the <u>Miranda</u> procedure, without more, does not amount to a violation of an

individual's Constitutional rights.  <u>Michigan v. Tucker</u>, 417 U.S. 433, 444 (1974); <u>Giuffre v.</u>

<u>Bissell</u>, 31 F.3d 1241, 1256 (3d Cir. 1994).  It is not until an unconstitutionally obtained

statement is used against an individual at trial that an actionable Constitutional injury has

occurred.  <u>Chavez v. Martinez</u>, 538 U.S. 760, 767 (2003).  In the present case, the testimony was

never introduced at trial because the District Court suppressed it.  Conclusions of Law of Judge

---

[2]      Plaintiff's Sixth Amendment rights are not implicated here.  The Sixth
Amendment provides criminal defendants the right to counsel.  U.S. Const. amend. VI, cl 3.
The Supreme Court has held that such right attaches only after adversarial judicial
proceedings–"whether by way of formal charge, preliminary hearing, indictment, information, or
arraignment"–have been initiated against a criminal defendant.  <u>Kirby v. Illinois</u>, 406 U.S. 682,
688 (1972).  In the present case, the allegedly unconstitutional questioning occurred prior to the
indictment.  Accordingly, plaintiff's complaint contains no plausible allegations implicating his
Sixth Amendment right to counsel.
I also note that plaintiff's Fourth Amendment rights are not implicated here either.  The
Fourth Amendment prohibits unreasonable searches and seizures.  U.S. Const. amend IV.  A
seizure occurs when an officer "by means of physical force or show of authority[] has in some
way restrained the liberty of a citizen."  <u>United States v. Smith</u>, 575 F.3d 308, 312 (3d Cir. 2009).
In this case, plaintiff makes no allegation that he was seized at the time of the questioning, nor
can his complaint plausibly be read to infer such an allegation.  Am. Compl. 2.  Additionally,
although the plaintiff's property was unquestionably searched, the search was conducted by state
officials not by defendant.  Therefore, plaintiff cannot allege that defendant violated his Fourth
Amendment rights.

Timothy Savage ¶ 15, Oct. 2, 2006.  Thus, plaintiff has failed to allege a deprivation of his

Constitutional right against self-incrimination and this claim must be dismissed for failure to

state a claim.

II.      Fifth Amendment Right to Due Process

         The Fifth Amendment also guarantees criminal defendants the right to due process.  U.S.

Const. amend. V, cl. 4.  The Supreme Court has held that the right to due process includes both a

procedural component and a substantive component.[3]  County of Sacramento v. Lewis, 523 U.S.

833, 840 (1998).  The Chavez Court acknowledged that an officer's use of egregious

interrogation techniques is actionable under the substantive due process clause even where the

resulting statements were not introduced at trial.  538 U.S. at 773.  I find, however, that this

claim is barred by the statute of limitations and for failure to state a claim.

         A.      Statute of Limitations

          Bivens actions are subject to the statute of limitations in the state where the tortious

actions occurred.  Brown v. Tollackson, 314 Fed. Appx. 407, 408 (3d Cir. 2008).  In

Pennsylvania, the statute of limitations for personal injury suits is two years.  41 Pa. Const. Stat.

Ann. § 5524.  Thus, plaintiff had two years from the time his claims accrued to bring suit.

         A claim accrues when "when the plaintiff discovers, or with due diligence should have

discovered, the injury that forms the basis for the claim."  Romero v. Allstate Corp., 404 F.3d

212, 222 (3d Cir. 2005).  In the present case, the injury accrued at the time of the interrogation.

Plaintiff was interrogated on May 22, 2006–more than two years and five months before he filed

---

[3]      I find that plaintiff's allegations cannot support a claim under the procedural
prong of the due process clause.

his complaint.  Accordingly, any claims under the Fifth Amendment due process clause are barred by the statute of limitations.

   B.   Failure to State a Claim

Additionally, with respect to the alleged substantive due process violation,  plaintiff's complaint fails to state a claim upon which relief can be granted.  A plaintiff states a substantive due process claim where governmental action "shocks the conscience."  County of Sacramento v. Lewis, 523 U.S. at 846.  I find as a matter of law that there are no allegations in plaintiff's complaint that meet this extremely high standard.

CONCLUSION

Plaintiff's claim of a violation of his Fifth Amendment substantive due process rights fails to state a claim upon which relief can be granted and is time-barred by the applicable statute of limitations.  His claim of a violation of his Fifth Amendment right against self-incrimination fails to state a claim upon which relief can be granted.  Accordingly, I will grant defendant's motion and dismiss plaintiff's complaint.

An appropriate Order follows.